Francis J. Donovan, J.
The defendant moves to dismiss the complaint for lack of jurisdiction. It is conceded that the summons was served outside of the County of Nassau.
Plaintiff relies on section 404 (subd. [a], par. [1]) of the Uniform District Court Act predicating jurisdiction on the ground that defendant transacted business in Nassau County. The pertinent facts alleged in plaintiff’s affidavit are as follows:
1. On May 5, 1963 a letter was received at the office of plaintiff in Nassau County from one Jack Lesser, vice-president of the defendant corporation. Said letter was an order for 15 chimney extensions ordered by defendant for defendant to be used at one of its jobs.
2. Thereafter, and on May 8, 1963, Mr. Lesser telephoned plaintiff and changed the order, by phone, so that the total extensions required were 48, with 38 being of one-inch size and 10 being of two-inch size. Plaintiff accepted this offer (order) on the telephone at its office in Nassau County and processed the order according to instructions.
Plaintiff cites McGee v. International Life Ins. Co., (355 U. S. 220) as the leading authority on the subject.
In order to establish some guides in applying the new statute several fundamentals should be kept in mind:
1. McGee v. International Life Ins. Co. is not the leading case on what is meant by “transacts any business.” It is authority as to the constitutionality or binding force of a statute conferring jurisdiction over foreign insurers. The Supreme Court has warned against extending McGee too far beyond the limits of what was actually held. In Hanson v. Denckla (357 U. S. 235, 251) the court said: “ But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts.”
2. The jurisdiction problem in cases of extraterritorial service of process will not be solved by any mechanical formulae or any presently available fictions or analogies whether they be “implied consents ”, “doing business” or “constructive presence.” Such standards and their obsolescence were noted in McGee. However, in construing the “long arm statutes ”, we would be unwise to wholly discard the notions of consent and physical presence in regard to jurisdiction. The current *593 “ minimal contacts ” theory has a similar implication. When applying the latter theory attention is called to ‘ ‘ traditional concepts of fairness and substantial justice ” (cf. Insull v. New York World-Tel. Corp., 273 F. 2d 166; Weinberg v. Colonial Williamsburg, 215 F. Supp. 633). The importance of bearing traditional concepts in mind is apparent from Conn v. Whitmore (9 Utah 2d 250, 254). There the court (after discussing McGee v. International Life Ins. Co., supra) said: ‘1 Even under the liberalized view the foregoing cases represent as to the prerequisites to holding one subject to personal jurisdiction of the courts of a foreign state, this requirement remains: there must be some substantial activity which correlates with a purpose to engage in a course of business or some continuity of activity in the state so that deeming the defendant to be present therein is founded upon a realistic basis and is not a mere fiction. That this is so and that a single act or transaction does not suffice unless it fits into the above pattern is well established.”
3. The policy behind the law must be constantly kept in mind. Lurking in the corners of the judicial mind there seem to be notions, perhaps not too clearly or boldly outlined, but nonetheless present such as (1) the public necessity of the extraterritorial jurisdiction, (2) the justice of requiring corporations engaged in industry and commerce to bear the incidental burden of litigating claims where they solicit business, (3) the difficulty that individuals encounter in bringing actions far from their home State.
These then are some of the questions to be asked:
1. Is defendant engaged in business? A housewife in a suit by a business concern is less likely to be called out of her home State or county to defend an action than is the business concern. Reason: She does not “transact any business” in the sense of engaging in commerce or industry.
2. Is defendant an individual or corporation? A corporation being a creature of law whose presence anywhere is identified by its agents is more likely to be called to defend a suit out of county or out of State particularly where its business is affected by a strong public interest.
3. Was it plaintiff’s business or defendant’s business that was being carried on in the territory asserting jurisdiction? Here we are speaking of the nature of the regular trade carried on. If a New York resident orders some furniture from an Hlinois manufacturer to be used in the former’s insurance office, it is not likely that the New Yorker will be called to defend a suit in Chicago. Reasons: The business involved is the *594 manufacture and sale of furniture. And this business is the business of the plaintiff. The defendant is not engaged in that business and that is the business transacted in Illinois. It would offend the traditional concepts of fairness and substantial justice to permit a manufacturer to solicit business throughout the country and compel all his customers to litigate in the manufacturer’s home State.
Returning to the case at bar we find that the only business that was transacted in Nassau County was plaintiff’s business, namely, the sale of chimney housing extensions. Defendant was in the building business in New York City. All of the activity in Nassau in connection with the sale was on plaintiff’s part.
It is not intended that any little contact with Nassau County or any isolated transaction in this county shall serve as a convenient excuse to bring into our courts defendants from other States and counties. The intent is to subject to the jurisdiction of this court those persons or corporations who engage in commerce and industry in this county. There must be some pattern or continuity of activity of a substantial nature within the county.
It is not difficult to envision those who are clearly within the scope of the statute. All of those nonresidents who operate stores, factories or offices in this county in the pursuit of their business, all of those who send agents into this county to vend their products and solicit business are included.
To subject such nonresidents to the jurisdiction would seem to be a reasonable incident or consequence attendant upon the pursuit of their business and their presence within our county is both real and active. It is only when we try to stretch the statute to extreme cases that we encounter difficulty.
In attempting to predicate jurisdiction on a finding that the contract was concluded in Nassau by a technical “ acceptance,” plaintiff distorts the statute.
Motion granted.