Per Curiam.

Plaintiff is a stock brokerage firm with offices in Manhattan. Defendant, a resident of New Jersey, was one of plaintiff’s customers and traded on New York stock exchanges through plaintiff. On July 24,1969, plaintiff erroneously placed certain securities in defendant’s account. Defendant, with knowledge of the mistake, did not notify plaintiff of the error, and, in December of that year, directed plaintiff to sell the securities for his account. In January of 1970, plaintiff forwarded to defendant its check for $4,688.22 to cover the proceeds of the sale. The error was discovered in April of 1970, but, when return of the money, plus intervening dividends, was demanded, defendant refused to do so. Served with the summons and complaint in New Jérsey, defendant moved to dismiss the action on the ground that the Civil Court did not have jurisdiction of the person of defendant. The motion was granted; on reargument, the original decision was adhered to.
*363 The complaint sounds in tort as well as in contract. CPLR 302 authorizes the courts of this State to exercise personal jurisdiction over a nondomiciliary if he commits a tortious act within the State (other than defamation of character). The allegations in the complaint that defendant knowingly permitted the securities to remain in his account without notifying plaintiff, and, with the intent to defraud plaintiff, instructed plaintiff to sell the securities for defendant’s account, are sufficient to bring defendant within the ambit of1 this provision.
Furthermore, operation of the account in New York constituted the transaction of business in New York. One need not be physically present in New York to be subject to the jurisdiction of our courts under CPLR 302. One 11 can engage in extensive purposeful activity here without .ever actually setting foot in the State ’ ’ (Parke-Bernet Galleries v. Franklyn, 26 N Y 2d 13, 17).
Appeal from order dated November 18, 1970, dismissed without costs, such order having been superseded by the order dated December 9, 1970. Order dated December 9, 1970, modified by denying defendant’s motion to dismiss, and, as modified, affirmed, with $10 costs to appellant. Judgment reversed, "without costs.
Concur — Markowitz, J. P., Streit and Quirk, JJ.
Order modified, etc.