SOL TOOL CO., Inc., a corporation of the State of New York, Plaintiff,

v.

AMERICAN TOOL & DIE CO., a corporation of the State of Delaware, Defendant.

Superior Court of Delaware,
New Castle.

June 5, 1972.

Arthur Burstein, New York City, for plaintiff; Longobardi & Schwartz, Wilmington, of counsel.

Jacob Balick, Wilmington, for defendant.

## OPINION

QUILLEN, Judge.

American Tool & Die Co. (defendant), a Delaware corporation, purchased goods not for resale by mail or telephone from Sol Tool Co., Inc. (plaintiff), a New York Corporation. On one occasion, the president of the American Tool & Die Co. purchased items from the defendant on a personal visit to New York. The plaintiff brings suit in Delaware on a New York judgment against the defendant for the balance of the account due on these purchases. The defendant has moved to dismiss the action, pursuant to the Superior Court Rules of Civil Procedure, Rule 12(b)(2), for lack of jurisdiction over the person, on the grounds that the State of New York had no personal jurisdiction over it to enter the judgment. The plaintiff contends that the Civil Court of the City of New York properly exercised personal jurisdiction under the New York long arm statute, section 302 of the Civil Practice Law, which extends jurisdiction over any nondomiciliary who "transacts business within the state."

■ In International Shoe Co. v. Washington Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), the United States Supreme Court determined that due process "requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it, such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' . . ." See also McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Subsequently, in Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958), addressing itself to the meaning of the "minimum contacts" test, the Supreme Court stated that to establish jurisdiction it was essential in each case that there be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws . . ." It is this test which must be applied to the facts in construing the New York long arm statute. See Longines-Wittnauer Watch Co., Inc. v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965).

■ It is clear that under the New York long arm statute purchasing goods solely by placing telephone orders does not constitute purposeful acts sufficient to sustain jurisdiction. In Katz & Son Billiard Prods., Inc. v. G. Correale & Sons, 20 N.Y.2d 903, 285 N.Y.S.2d 871, 232 N.E.2d 864 (1967), where the parties had engaged in business transactions with each other over the telephone for 30 years, plaintiff's suit seeking to recover the price of a telephone order was dismissed for lack of jurisdiction over the person of the defendant. In a like manner, the purchase of goods through the mails and by telephone is insufficient to establish jurisdiction. See Agrashell, Inc. v. Bernard Sirotta Co., 344 F.2d 583 (2 Cir.1965).

■ In addition to placing orders by telephone and mail, the president of the defendant corporation went to New York on

one occasion in 1968. On this single visit, the duration of which is not in the record, some goods were purchased. The fact that a party may execute a contract in New York, however, is not determinative of the jurisdictional question. See Longines & Wittnauer Co., Inc. v. Barnes & Reinecke, Inc., supra; Standard Wine & Liquor Co. v. Bombay Spirits Co., 20 N.Y.2d 13, 281 N.Y.S.2d 299, 228 N.E.2d 367 (1967). The Practice Commentary, McKinney's Consolidated Laws of New York, CPLR, Book 7B, § C302:10, indicates that in construing the New York long arm statute the place where the contract is performed is more important for jurisdictional purposes than the place where the contract is executed.

In determining whether a long arm statute applies in a given case, precedents are of limited value since each case raises the fundamental and variable question of what contacts are enough to invoke the benefits and protection of another state's laws. In the present case, the defendant has no offices, owns no property, and has no registered office or registered agent in New York. All the officers and directors of American Tool & Die Co. are residents of Delaware and no management personnel reside in New York. The defendant has not solicited business nor made any sales in New York and has not commercially sold the items it purchased from the plaintiff. The defendant merely made purchases from the plaintiff's business. See Home Crafts, Inc. v. Gramercy Homes, Inc., 41 Misc.2d 591, 246 N.Y.S.2d 153 (Dis.Ct.1964). Under these circumstances, it can not be said that the defendant transacted business within the State of New York, purposefully availing himself of the privilege of conducting activities, within the meaning of section 302 of the Civil Practice Law of New York.

As the Civil Court of the City of New York lacked jurisdiction over the defendant, the defendant's motion to dismiss is granted.

It is so ordered.