Richard S. Lane, J.
On this motion to dismiss the question is whether the activities of the nonresident defendants constituted the transaction of any business in New York (CCA, § 404, subd. [a], par. 1; CPLR 302, .subd. [a], par. 1). It is a familiar question but presented in an apparently novel or at least undetermined setting.
Defendants are from Chicago and the owners of a valuable painting which they shipped to plaintiff in New York for restoration. Defendants’ only other contacts with New York were certain phone calls and letters initiating and during the course of the work. Defendants are now refusing to pay for the work alleging unsatisfactory performance — hence, this lawsuit commenced by service on defendants in Chicago.
Although the nature of the professional, commercial and industrial resources of New York should make the shipment of goods here for repairs a rather common transaction, apparently no court has considered such a transaction in the context of our long-arm jurisdictional statute.
Jurisdiction certainly cannot be premised merely on an order telephoned or mailed here from out of State (Katz & Son Billiard Prods, v. Correale & Sons, 20 N Y 2d 903; Electronics Devices v. Rogers Assoc., 63 Misc 2d 243). Both parties concur.
Jurisdiction certainly cannot be premised merely on the rendition of services here. In the cases relied upon by plaintiff to the contrary, the New Yorker has not been simply the other party to a contract, as in the instant case, but rather an agent for the nonresident promoting the latter’s interests here with or against third persons (Collateral Factors Corp. v. Meyers, 39 A D 2d 27 [cattle breeding services]; De Nigris Assoc. v. Pacific Air Transp. Int., 38 A D 2d 363 [public relations services] ; Elman v. Belson, 32 A D 2d 422 [legal services]).
Jurisdiction certainly cannot be premised merely on the shipment of goods here from out of State (Standard Wine & Liq. Co. v. Bombay Spirits Co., 20 N Y 2d 13; Kramer v. Vogl, 17 N Y 2d 27). In these cases relied upon by defendants the sending of goods here is the essence or end of the contract, whereas in the instant case the sending of goods here is simply the means to or beginning of the contract.
*541 How about all three factors combined — will they together support jurisdiction? I answer in the affirmative where defendants import into New York the res of the contract upon which services are to be rendered here pursuant to defendants’ order telephoned or mailed from out of State. Defendants have deliberately opted to take advantage of the facilities available here (see Parke-Bernet Galleries v. Franklin, 26 N Y 2d 13, 18; see Longines-Wittnauer Watch Co. v. Barnes-Reinecke, 15 N Y 2d 443, 451-452). Accordingly it is not oppressive that defendants be required to account for their activities before our courts.