Per Curiam.

Defendants, husband and wife, reside in Chicago, Illinois. Plaintiff, a New York corporation with its only office in New York City, is in the business of conserving and restoring valuable paintings. Possessed of a painting valued at between $40,000 and $50,000 which they wished to have restored and being apprised of plaintiff’s reputation, the defendants contacted and subsequently contracted with plaintiff for said restoration. Defendants shipped their painting to New York where the work was to be performed and, upon completion thereof, it was shipped back to them. Their only other contacts with New York were phone calls and letters initiating and relating to the work. The refusal by defendants to pay for such work, alleging unsatisfactory performance', gives rise to this action.
At issue is the jurisdictional question of whether the activities of the nonresident defendants constituted the transaction of any business in New York City (CCA, § 404, subd. [a], par. 1; CPLR 302, subd. [a] par. 1). It is well recognized that due process “requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 1 traditional notions of fair play and substantial justice. ’ ” (International Shoe Co. v. Washington, 326 U. S. 310, 316 [1945]). A key factor in determining whether there is a reasonable contact with the forum is the presence of some act by which the defendant voluntarily elects to invoke the protection of the laws of New York (see Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443 [1965]). In a well-reasoned determination, the court below (Lane, J.) recognizing that jurisdiction cannot be premised merely on an order telephoned or mailed here from out of State, or merely on the rendition of services here, or merely on the shipment of goods here from out of State, declared that all three factors combined will support jurisdiction.
When a nonresident selects and contacts a New York resident to perform services on a chattel he owns, knowing the work is to be performed in New York and sends the chattel to New York where the work is thereafter done, he has demonstrated sufficient reasonable contacts with New York and has deliberately invoked the protection of the laws of New York so as to make *877 him amenable to jurisdiction in a suit by the New York resident for payment of the work. Such determination does not offend traditional notions of fair play and substantial justice and is entirely in keeping with the manifest interest of the State to subject nonresidents to personal jurisdiction for the protection of its residents. The order should be affirmed, with $10 costs.