Daniel G-. Albebt, J.
This motion to dismiss for lack of jurisdiction raises anew the ever-interesting question of what constitutes the “transaction of business ” within New York State so as to subject nonresidents to the jurisdiction of our courts pursuant to our long-arm statute (CPLR 302, subd. [a], par. 1).
The uncontroverted facts indicate that the corporate defendant is a foreign (New Jersey). corporation with its only place of business in that State; that it has not filed a certificate of doing business in New York State; and that it is not authorized to do business here. The individual defendant is a New Jersey resident and there is no evidence that he has ever done or transacted any business in this State except as indicated below. Both defendants were personally served with the summons of this action in New Jersey.
The controversy arises out of a lease agreement, entered into with the plaintiff by the corporate defendant and guaranteed by the individual defendant, for a 1972 Jensen motor vehicle first seen by the individual defendant at Grossman Motors in Nyack, New York. The car was thereupon purchased by the *263 plaintiff, a New York corporation with its office in Lynbrook, Long Island, and leased to the defendant. There is no question but that the contract was negotiated in New Jersey; signed by the defendants at their offices at 151 Hobart Street, Hackensack, New Jersey, with the plaintiff’s representative in attendance; that the automobile was delivered to defendants in New Jersey and used by them in New Jersey; and that defendants attempted to have it repaired in New Jersey. It is alleged that when their repair efforts proved futile, the vehicle was picked up by Grossman Motors.
In opposition to this motion to dismiss pursuant to CPLR 3211 (subd. [a], par. 8), plaintiff contends that the contract was formally executed in New York after it was negotiated and signed by the defendants in New Jersey and after plaintiff had checked and approved defendants’ credit. “At that point, we executed the lease in our offices.” Mr. Samuels, plaintiff’s president, goes on to say that “based on the above, it is submitted that the defendants purposefully and intentionally transacted business in the State of New York.” The court does not agree.
Plaintiff’s performing a credit check and signing the lease agreement in New York are acts of the plaintiff, not of the defendants. The only act of the defendants which took place in New York (and barely so) was in first seeing the vehicle in question at Grossman Motors in Nyack. Thereafter, when plaintiff entered into the picture, the sum total of defendants’ acts insofar as its transaction of business with the plaintiff is concerned took place outside the State of New York.
There is no traditional basis for the exercise of personal jurisdiction over the defendants pursuant to CPLR 301, and it does not appear that defendants’ conduct falls within either the letter or the .spirit of CPLR 302 (subd. [a], par. 1), the long-arm statute based upon a defendant’s transaction of business in New York out of which plaintiff’s cause of action arises. In his dissenting opinion in McKee Elec. Co. v. Rauland-Borg Corp. (20 N Y 2d 377, 386), Judge Burke (with the concurrence of Chief Judge Fuld and Judge Keating) stated the theoretical test for the exercise of long-arm jurisdiction as follows: “ In our opinion, under this test [of traditional notions of fair play and substantial justice], Rauland-Borg purposefully availed itself of the privilege of conducting activities within this State, and thereby invoked the benefits and protections of our laws, as well as the concomitant obligations and liabilities. (Hanson v. Denckla, 357 U. S. 235, 253 [1958]; Longines-Wittnauer Watch *264 Co. v. Barnes & Reinecke, supra, p. 458.) ” Therein defendant had sent one of its top employees, along with a regional sales representative who made several additional visits, into New York to placate some disgruntled customers. Despite the view of the dissent, Judge Scileppi wrote for the majority (p. 382) that ‘ ‘ the contacts here, rather than being minimal, were so infinitesimal * * * that jurisdiction of the New York courts cannot be sustained.” Such a statement accurately describes defendants’ contacts, if such they be, with New York in this case.
Moreover, in Standard Wine & Liq. Co. v. Bombay Spirits Co. (20 N Y 2d 13, 17), where defendant had signed the contract in Scotland and plaintiff later executed it in New York, Chief Judge Fuld wrote for a unanimous Court of Appeals that 1 ‘ finally, it is ‘ not * * * determinative ’ that the plaintiff signed the contract in New York (Singer v. Walker, 15 N Y 2d 443, 467, supra) ”, and the court upheld the dismissal of the case against the foreign corporation.
Similarly, plaintiff’s execution of the lease in New York after obtaining approval of the defendants’ credit does not amount to ‘ ‘ purposeful conduct ’ ’ on the part of the defendants in New York, and the individual defendant’s first contact with the auto, on the premises of a third party in Nyack, New York, can hardly fall within the meaning of such a significant phrase. (See Kramer v. Vogl, 17 N Y 2d 27; Parke-Bernet Galleries v. Franklyn, 26 N Y 2d 13; Glassman v. Hyder, 23 N Y 2d 354, 363.)
Nor is the court persuaded to exercise otherwise untenable jurisdiction over these defendants because, in the words pf plaintiff’s president, “ the practice outlined .above [execution of the lease by plaintiff in New York] is a standard practice in the industry and in our office in connection with the execution and completion of all auto leasing agreements.” The fact that it is a standard practice does not make it any more of a purposeful act by the defendants, and it may just as easily be standard practice to have the lessee agree to the jurisdiction of the New York courts or to have suit brought against the lessee in the State in which it does or transacts business or uses the very car rented from plaintiff. In any event, and irrespective of any “ standard practice ”, the defendants in this case have not engaged in any purposeful conduct so as to subject themselves to the jurisdiction of this court pursuant to CPLR 302 (subd. [a], par. 1), and the action should be dismissed,