UNIVERSAL CITY STUDIOS, INC., Appellant-Respondent, v P.E.A. FILMS, INC., Respondent-Appellant, and ALBERTO GRIMALDI, Respondent, et al., Defendants.

First Department, July 20, 1978

### APPEARANCES OF COUNSEL

*James J. Hagan* of counsel *(Anthony E. Satula, Jr.,* and *George M. Newcombe* with him on the brief; *Simpson Thacher & Bartlett,* attorneys), for appellant-respondent.

*Barry S. Neuman* of counsel *(Butzel & Kass,* attorneys), for respondent and respondent-appellant.

### OPINION OF THE COURT

LANE, J.

Cirandinha Productions, Inc., and P.E.A. Films, Inc. (P.E.A.), entered into a joint venture for the production and exploitation of a motion picture based on a novel entitled "They Shall Not Pass", as well as a screenplay based upon the novel. To accomplish this end, the joint venture entered into a contract with Universal City Studios, Inc. Universal subsequently brought this lawsuit to recover advances which it made based on allegedly fraudulent representations regarding the personnel who would be involved in the movie production. Service was made upon the individual Alberto Grimaldi by leaving a copy of the summons and complaint with the doorman at the front desk of the apartment building in which P.E.A. has an office. The documents were in fact received by P.E.A. Mrs. Grimaldi also maintains an apartment in the building in which the summons and complaint were left. Additional copies of the summons and complaint were mailed to this residence address and to Mr. Grimaldi's residence address in Italy.

A motion was made at Special Term, *inter alia,* seeking dismissal of the complaint as against Grimaldi for lack of in personam jurisdiction. Special Term, in an order entered May 12, 1977, granted that branch of the motion on the grounds that there was no showing that the action arose from transaction of business by Grimaldi in New York and, furthermore, for defective service of process upon Grimaldi. Special Term, in an order entered September 7, 1977, denied, *inter alia,*

renewal and reconsideration of that portion of the motion dismissing the complaint as against Grimaldi.[1]

On this appeal, we are therefore concerned only with the question of whether the complaint was properly dismissed as against the individual defendant Grimaldi. CPLR 308 (subd 2) permits personal service by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served". Furthermore, an apartment house doorman has been considered to be a person of suitable age and discretion (duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 795).

We note that in the case at bar Grimaldi was not an officer of P.E.A. or Cirandinha and signed the joint venture agreement involving those corporations under the rubric "Agreed insofar as necessary". The fact that the offices of P.E.A. were in the apartment building in which service of process upon Grimaldi was attempted does not indicate proper service upon him as conducting his "actual place of business" there.

Grimaldi also spent most of his time in Italy. It would appear, therefore, that though there was an apartment registered in the name of Mrs. Grimaldi in the apartment house where service was attempted, it is unclear from the record before us whether this was Mr. Grimaldi's actual dwelling place within the meaning of CPLR 308.

There is a further question which is raised; namely, did Grimaldi transact business in New York sufficient to bring him within the jurisdiction of the courts of New York? The answer to this is again clouded in ambiguity. The record is unclear whether a certain meeting in New York was sufficient to constitute a transaction of business in New York within the meaning of CPLR 302 (subd [a], par 1).

We note that a finding that personal service was effectuated properly within the meaning of CPLR 308 would only speak to the issue of proper notice. The inquiry would then have to be broadened to determine if a jurisdictional base under CPLR 302 existed upon which suit against Grimaldi could be

1. An appeal has also been taken by P.E.A. from an order entered January 25, 1978 granting Universal's motion for leave to replead; however, P.E.A. was not able to perfect that appeal and we have therefore directed that the appeal be stricken from the calendar.

brought in New York. That base must be founded upon the activities of a defendant sufficient to satisfy the demands of due process *(International Shoe Co. v Washington,* 326 US 310, 316) rather than upon physical presence within the State *(Parke-Bernet Galleries v Franklyn* 26 NY2d 13, 17, and cases cited thereat; 1 Weinstein-Korn-Miller, NY Civ Prac, par 308.01).

In view of factual questions outstanding with regard to both issues, we have directed that the matter be remanded for a hearing before a special referee to develop the underlying facts in order to determine if service was properly made upon Grimaldi, and if the jurisdictional requirements of CPLR 302 were met.

Accordingly, the order of the Supreme Court, New York County (HUGHES, J.), entered September 7, 1977, which, *inter alia,* denied renewal and adhered to the original determination dismissing the complaint against Grimaldi for lack of jurisdiction, should be unanimously modified on the law to the extent of granting renewal and, upon renewal, directing a hearing on the issue of jurisdiction, and otherwise affirmed, without costs or disbursements. The appeal from the order of the Supreme Court, New York County (HUGHES, J.), entered May 12, 1977, which, *inter alia,* dismissed the complaint against Grimaldi for lack of jurisdiction, should be unanimously dismissed.

The appeal from the order of the Supreme Court, New York County (HUGHES, J.), entered January 25, 1978, granting plaintiff's motion for leave to replead and to serve an amended complaint, should be stricken from the calendar pending perfection of that appeal.[2]

EVANS, J. P., FEIN, MARKEWICH and SANDLER, JJ., concur.

Order, Supreme Court, New York County, entered on September 7, 1977, unanimously modified, on the law, to the extent of granting renewal and, upon renewal, directing a hearing on the issue of jurisdiction, and otherwise affirmed, without costs and without disbursements, and that portion of the appeal from said order which dismissed the complaint against all defendants, with leave to replead on proper papers,

---

2. That portion of the appeal from the order of September 7, 1977 which dismissed the complaint against all the defendants, with leave to replead on proper papers, should be dismissed as moot in view of the subsequent order of January 25, 1978 granting leave to replead.

is dismissed as moot in view of the court's order entered January 25, 1978 granting leave to replead.

Appeal from order of said court, entered on March 12, 1977, dismissed, without costs and without disbursements.

Appeal from order of said court, entered on January 25, 1978, stricken from the calendar pending perfection of such appeal by defendant-respondent-appellant, without costs and without disbursements.