SCHNEIDER CORPORATION OF AMERICA, Plaintiff-Appellee, *v.* R. W. BORROWDALE COMPANY, INC., Defendant-Appellant.

First District (1st Division)    No. 79-2241

Opinion filed October 20, 1980.

John R. Hieber, of Chicago, for appellant.

No brief filed for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Schneider Corporation of America (plaintiff), a New York corporation, filed a petition for registration of a foreign judgment against R. W. Borrowdale Company, Inc. (defendant), an Illinois corporation, which had been entered by default in the Supreme Court of Nassau County, New York, on July 27, 1978. (Ill. Rev. Stat. 1979, ch. 77, par. 88 *et seq.*) Defendant asserted the New York court had no personal jurisdiction over defendant. The trial court made the foreign judgment final and ordered defendant to pay $3595.22. Defendant has appealed.

At trial, the parties entered into a stipulation of facts. Plaintiff shipped two camera lenses to defendant in Illinois. Defendant kept and paid for one lens, but returned the other to plaintiff in New York. Plaintiff brought suit for the price of this lens, and secured a $3369.12 default judgment against defendant. All transactions occurred by telephone, written correspondence, and delivery. Defendant maintained no place of business in New York. No employee of defendant was physically present in New York, and no employee of plaintiff was physically present in Illinois regarding the transaction.

Defendant contends the Supreme Court of Nassau County, New York, did not have *in personam* jurisdiction over defendant to render a valid judgment. Defendant filed a brief, but plaintiff has failed to respond. "Although [plaintiff's] failure to file a brief has unduly burdened the court, we have elected to review the record and decide the case on its merits." *City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 401-02, 367 N.E.2d 1305.

■■ ■ Upon a motion to register a foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1979, ch. 77, par. 88 *et seq.*), "this court may inquire into the proceedings of a court of a sister State to determine whether such court had jurisdiction of the

subject matter and of the parties." (*Evans v. Advance Schools, Inc.* (1979), 70 Ill. App. 3d 947, 950, 388 N.E.2d 1003, citing *Davis v. Nehf* (1973), 14 Ill. App. 3d 318, 321, 302 N.E.2d 382.) If the foreign court had no jurisdiction over the defendant according to general principles of due process and the law of the forum State, "the foreign judgment has no constitutional claim to full faith and credit." (*Evans*, 70 Ill. App. 3d 947, 950.) The issue is thus whether New York had *in personam* jurisdiction over defendant. See *Davis*, 14 Ill. App. 3d 318, 322.

The New York long-arm statute (N.Y. Civ. Prac. Law §302(a) (McKinney 1972)), effective September 1, 1966, provides:

> "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary * * * who in person or through an agent:
>
> 1. transacts any business within the state; * * *."

■■ To render a judgment binding upon a nonresident defendant, due process requires the defendant to have certain minimum contacts with the State of the forum so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. (*Margaret Watherston, Inc. v. Forman* (Sup. Ct. App. Term 1973), 73 Misc. 2d 875, 342 N.Y.S.2d 744, 746, citing *International Shoe Co. v. State of Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158; *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.* (1965), 15 N.Y.2d 443, 451, 261 N.Y.S.2d 8, 13, 209 N.E.2d 68, 71-72; see *Universal City Studios, Inc. v. P.E.A. Films, Inc.* (1978), 63 App. Div. 2d 438, 441, 407 N.Y.S.2d 148, 150.) "A key factor in determining whether there is a reasonable contact with the forum is the presence of some act by which the defendant *voluntarily* elects to invoke the protection of the laws of New York" (*Margaret Watherston, Inc.*, 73 Misc. 2d 875, 342 N.Y.S.2d 744, 746; see *Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240; see also *McGowan v. Smith* (1979), 72 App. Div. 2d 75, ___, 423 N.Y.S.2d 90, 92-93), or, in other words, whether the defendant engaged in purposeful activity in the State of New York. (*Perlman v. Martin* (Sup. Ct. Nassau County 1972), 70 Misc. 2d 169, 332 N.Y.S.2d 360, 363.) The " 'issue of jurisdiction should apparently be decided in terms of the totality of defendants' purposeful activity within the state which is related to the transaction of business in question.' " *In re Colorado State Christian College* (Sup. Ct. N.Y. County 1973), 76 Misc. 2d 50, 346 N.Y.S.2d 482, 485, quoting *Northland Paper Co. v. Mohawk Tablet Co.* (S.D. N.Y. 1967), 271 F. Supp. 763, 767.

■■ The issue presented is whether plaintiff's shipment of two lenses to defendant in Illinois, the return of one lens to New York and verbal and written communications between the parties constitute transaction of business within the meaning of section 302 of the New York statute. We

find defendant's acts do not constitute the purposeful activities necessary to constitute transaction of business.

Sending letters into New York is not sufficient to constitute the transaction of business under section 302. (*American Edelstaal, Inc. v. Maier* (S.D. N.Y. 1978), 460 F. Supp. 613, 619; *Reger v. National Association of Bedding Manufacturers Group Insurance Trust Fund* (Sup. Ct. Westchester County 1975), 83 Misc. 2d 527, 372 N.Y.S.2d 97, 110.) The same is true for telephone calls. (*Sayles Biltmore Bleacheries, Inc. v. Soft-Fab Textile Processors, Inc.* (S.D. N.Y. 1977), 440 F. Supp. 1010, 1013.) Even when the out-of-State telephone call or letter is for the purpose of placing an order, it is still insufficient under New York law to constitute the transaction of business. *Margaret Watherston, Inc. v. Forman* (Civ. Ct. N.Y. County 1972), 70 Misc. 2d 539, 334 N.Y.S.2d 35, 36, *aff'd* (1973), 73 Misc. 2d 875, 342 N.Y.S.2d 744; *Glassman v. Hyder* (1968), 23 N.Y.2d 354, 363, 296 N.Y.S.2d 783, 789-90, 244 N.E.2d 259, 263; see *Sol Tool Co. v. American Tool & Die Co.* (Super. Ct. Del. 1972), 293 A.2d 583.

The shipment of a product out of New York is also insufficient. (*McGowan*, 72 App. Div. 2d 75, ___, 423 N.Y.S.2d 90, 92, citing *Aero-Bocker Knitting Mills, Inc. v. Allied Fabrics Corp.* (1976), 54 App. Div. 2d 647, 648-49, 387 N.Y.S.2d 635, 637.) In *M. Katz & Son Billiard Products, Inc. v. G. Correale & Sons, Inc.* (1966), 26 App. Div. 2d 52, 270 N.Y.S.2d 672, *aff'd* (1967), 20 N.Y.2d 903, 285 N.Y.S.2d 871, 232 N.E.2d 864, defendant in New Jersey phoned plaintiff in New York to order certain goods which were shipped to defendant. Some of the goods were returned. The court held this did not constitute "purposeful acts," although the parties had engaged in these activities for 30 years.

That is essentially what happened in the case before us. Although the record is not clear as to who made the offer, plaintiff did ship two lenses to defendant in Illinois and defendant did return one. Even if defendant initiated the order, the ensuing delivery, even combined with the return of one lens, is not sufficient to constitute a basis for *in personam* jurisdiction. See *Impex Metals Corp. v. Oremet Chemical Corp.* (S.D. N.Y. 1971), 333 F. Supp. 771, 774, citing *M. Katz & Son Billiard Products, Inc.*, 26 App. Div. 2d 52, 285 N.Y.S.2d 871; *A-Leet Leasing Corp. v. Kingshead Corp.* (Sup. Ct. Nassau County 1973), 75 Misc. 2d 262, 347 N.Y.S.2d 487. See also *Sol Tool Co.*, 293 A.2d 583, 584.

We also note the pertinent New York statute above quoted was amended by the legislature of New York, effective September 1, 1979, so as to broaden the statute and provide for jurisdiction *in personam* where the party in question "contracts anywhere to supply goods or services in the state * * *." (N.Y. Civ. Prac. Law §302(a)(1) (McKinney 1979 Supp.).) The possible legal effect of this amendment, not applicable to the instant case, is duly noted in a footnote to the *McGowan* opinion (72

App. Div. 2d 75, ___ n.1, 423 N.Y.S.2d 90, 93 n.1). Consequently, when the judgment was entered by the New York court on July 27, 1978, shipment of goods from New York to Illinois and return shipment of a part of these goods into New York were not sufficient to authorize the New York court to assume *in personam* jurisdiction.

For these reasons, the judgment is reversed.

Judgment reversed.

McGLOON and O'CONNOR, JJ., concur.