PETER A. COHN *et al.*, Plaintiffs-Appellees, *v.* ERWIN GNIPPE *et al.*, Defendants-Appellants.

First District (4th Division)    No. 79-292

Opinion filed December 18, 1980.

Russell J. Topper, of Chicago, for appellants.

Douglas A. Lindsay and Paul V. Esposito, both of Chicago (Lewis, Overbeck & Furman, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This appeal arises from an action brought pursuant to the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1977, ch. 77, par. 88 *et seq.*) to register in Illinois a default judgment entered against defendants, Erwin Gnippe and Edith Gnippe, by the Supreme Court of New York. On December 13, 1978, the circuit court of Cook County found defendants failed to prove that the New York court lacked jurisdiction or that they had satisfied the New York judgment. The court entered an order making the judgment personally binding on defendants.

The issues presented for review are (1) whether Illinois defendants, without New York residence, had established sufficient "minimum contacts" with New York to support the requirements for *in personam* jurisdiction; (2) whether the New York court's *in personam* jurisdiction had been constitutionally acquired over the defendants; and (3) whether, if personal jurisdiction was attained, the doctrine of *forum non conveniens* should now be applied to deny recognition of the foreign judgment.

Plaintiffs are partners doing business as L. F. Rothschild, Unterberg, Towbin, a New York stock brokerage firm with its principal office in New York. In November 1977, defendants ordered plaintiffs' agent in Chicago to purchase certain shares of stock which were traded on the

New York stock exchange. Defendants did not pay for the stock purchases and plaintiffs sold the stock through the stock exchange at a loss of $6,357.57.

Plaintiffs filed a complaint against defendants in the Supreme Court of New York to collect the alleged balance due. Defendants were served with summons in Chicago but did not respond. A default judgment was entered against defendants in the amount of $6,696.10.

On September 26, 1978, plaintiffs filed a petition for registration of foreign judgment in the circuit court of Cook County. The judgment was registered.

On December 4, 1978, defendants filed a motion to vacate and set aside the foreign judgment. Defendants' motion stated that the New York court was an inconvenient forum and that the New York court lacked subject matter and personal jurisdiction. Plaintiffs filed a response to the motion. They stated that defendants' motion merely alleged legal conclusions and did not state facts which would satisfy defendants' burden of proving that New York lacked jurisdiction. Thereafter, defendants filed a reply to which they attached an alleged sales receipt of the stock purchased on defendants' behalf by plaintiffs.

A hearing was held on defendants' motion. At the hearing, defendants attempted to offer testimony of James Higgins, an alleged employee of plaintiffs. Higgins had been served with a subpoena. However, on the day of the hearing, plaintiffs filed a motion to quash the subpoena. Plaintiffs contended the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1977, ch. 77, par. 88 *et seq.*) did not provide for the taking of testimony. They further asserted that defendants could only obtain relief through a motion to set aside the registration—not by a formal trial. The court ruled that any testimony from Higgins would not establish facts concerning jurisdiction and quashed the subpoena.

The court also ruled on defendants' motion to vacate the registration. The court held that defendants failed to meet their burden of proof with facts showing the New York court lacked jurisdiction in the original proceeding. The motion to vacate was denied and defendants appeal that decision.

Defendants contend there were no minimum contacts with the State of New York. Therefore, the question is whether New York had *in personam* jurisdiction over the defendants.

The United States Supreme Court in *International Shoe Co. v. State of Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158, stated:

> "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimal contacts with it such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

Since the decision in *International Shoe*, several States have passed statutes dealing with jurisdiction over nonresidents. "An Act in relation to Personal Jurisdiction by Acts of Non-Residents" is one such statute enacted in New York. It provides in part:

"(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state; * * * ." N.Y. Civ. Prac. Law §302(a)(1) (McKinney 1973).

*Hanson v. Denckla* (1958), 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298, 78 S. Ct. 1228, 1240, a case which later attempted to define what was necessary to constitute minimum contacts, held:

"[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

"A key factor in determining whether there is a reasonable contact with the forum is the presence of some act by which the defendant *voluntarily* elects to invoke the protection of the laws of New York." *Watherston, Inc. v. Forman* (1973), 73 Misc. 2d 875, 876, 342 N.Y.S.2d 744, 746.

In *Wessel Co. v. Yoffee & Beitman Management Corp.* (N.D. Ill. 1978), 457 F. Supp. 939, the court granted a motion to dismiss for lack of *in personam* jurisdiction over a nonresident corporate defendant. The district court held that jurisdiction was not conferred by the long arm statute since the defendant had not " 'invoked, by act or conduct, the benefits and protection of the laws of the forum.' " *Wessel Co.*, at 940; see *Rosenthal & Co. v. Dodick* (N.D. Ill. 1973), 365 F. Supp. 847.

In *Davis v. Nehf* (1973), 14 Ill. App. 3d 318, 302 N.E.2d 382, the plaintiff, a licensed New York real estate broker, sued the defendant in New York for payment of an alleged brokerage commission. The only contact the parties had with each other was by telephone and mail correspondence regarding rental space in a certain building in Chicago. The parties entered into an agreement under which plaintiff was to be defendant's broker for the leasing of the building space. However, after a tenant had been procured and plaintiff billed defendant for his commission, defendant refused to pay the entire fee. A judgment was entered in New York in favor of plaintiff. He thereafter filed a petition to register that judgment in the circuit court of Cook County. The petition was allowed. The appellate court, upon reversing the decision relating to the

registration of the foreign judgment, held that the plaintiff "failed to establish the 'purposeful act' or 'minimum contact' sufficient to sustain jurisdiction in the state of New York." *Davis*, 14 Ill. App. 3d 318, 323.

Plaintiffs cite a number of cases which hold that defendants had sufficient minimum contacts to satisfy the due process requirement. However, the contacts in those cases are much broader than in the instant case.

Plaintiffs cite *Pallas v. Driv-Rite, Inc.* (N.D.N.Y. 1966), 252 F. Supp. 582, which held that an Oklahoma corporation that advertised in New York newspapers for a working partner, used a local mailing address, had a local phone number, and sent a representative into New York to persuade plaintiff to sign a distributorship contract was subject to personal jurisdiction in the New York courts.

Plaintiffs also cite *Francis I. duPont & Co. v. Chelednik* (1971), 69 Misc. 2d 362, 330 N.Y.S.2d 149, where the New York court held that the defendant had transacted business in the State of New York. In *duPont*, plaintiff, a New York stock brokerage firm, sued defendant, a New Jersey resident. Defendant was one of plaintiff's customers and traded on the New York stock exchange through plaintiff. Plaintiff erroneously placed certain securities in defendant's account. Defendant, knowing of the mistake, did not inform plaintiff and thereafter had plaintiff sell those securities. When plaintiff became aware of the error and tried to recover from defendant, the defendant refused. Plaintiff brought suit in New York and defendant moved for dismissal of the action based upon lack of personal jurisdiction. The Supreme Court of New York reversed the trial court, stating: "One 'can engage in extensive purposeful activity here without ever actually setting foot in the State' [citations]." 69 Misc. 2d 362, 363, 330 N.Y.S.2d 149, 150.

These cases had established sufficient minimum contacts to bring them within the scope of *International Shoe*. However, the instant case does not have similar facts to support the minimum contacts theory.

Here, plaintiffs, a New York stock brokerage firm, had an agent at 208 South LaSalle Street, Chicago, Illinois. Defendants, Illinois residents, contacted the agent in Chicago; the agent agreed to purchase the stock for defendants. It is unclear whether more than one transaction occurred between the parties. In November 1977, defendants ordered plaintiffs to purchase stock which was traded on the New York stock exchange. The only contacts defendants had with plaintiffs were in Illinois. Defendants went to plaintiffs' Chicago office and placed the order. Plaintiffs state that together with defendants they opened an account in New York for the purchase of securities. Defendants state that plaintiffs unilaterally opened the account in New York.

Regardless, we do not find that the opening of an account in New

York by plaintiffs for the benefit of defendants is sufficient to satisfy the requirement of contact with the forum State. There must be on the part of the nonresident defendants some *purposeful* act which would have availed defendants of the privilege of conducting activities within New York. Defendants' action in contacting in Chicago an agent of a broker whose principal office was in New York concerning the purchase of stock which was traded on the New York stock exchange did not supply the "minimum contacts" necessary to invoke the jurisdiction of the New York courts.

Since we find New York did not have jurisdiction over the defendants to enter a judgment against them, it is not necessary for us to reach the other issues.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

ROMITI and JIGANTI, JJ., concur.