TEXAS AXLES, INC., Plaintiff-Appellant, v. C. DWAYNE BAILLIE, Indiv. and d/b/a Baillie's Manufacturing Company, Defendant-Appellee.

Fourth District   No. 4—85—0595

Opinion filed February 4, 1986.

Stephen R. Pacey, of Pacey & Pacey, of Paxton, for appellant.

John D. Dodson, of Dodson & Mann, of Champaign, for appellee.

JUSTICE GREEN delivered the opinion of the court:

The question here is whether due process requirements, as set forth in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, and explained in *Helicopteros Nacionales de Colombia, S.A. v. Hall* (1984), 466 U.S. 408, 80 L. Ed. 2d 404, 104 S. Ct. 1868, prevent a Texas court from entering judgment against a nonresident manufacturer for the purchase price of parts purchased from a resident manufacturer where most of the transaction involved correspondence by mail between the parties from their places of business in their respective States. Although the question is a close one, we hold that the Texas court would have jurisdiction, upon proper service on the nonresident manufacturer, to enter a valid judgment against that manufacturer.

On July 26, 1985, plaintiff, Texas Axles, Inc., filed a complaint in the circuit court of Ford County seeking (1) to register a default judgment entered on August 20, 1984, in the Forty-Eighth Judicial District Court of Tarrant County, Texas, in favor of plaintiff and against defendant, Dwayne Baillie, individually and doing business as Baillie's Manufacturing Company, in the sum of $28,207.26 (Ill. Rev. Stat. 1983, ch., 110, par. 12—601 *et seq.*); and (2) to obtain an execution on that judgment. Defendant moved to dismiss the complaint on the ground that the Texas judgment was void for lack of jurisdiction of his person. Plaintiff submitted a counteraffidavit. The circuit court allowed the motion. Plaintiff has appealed. We reverse and remand.

The parties agree that (1) when the registration of a judgment of a foreign State is sought, the courts of this State can question the jurisdiction of the foreign court to enter the judgment; and (2) the law of the foreign State, as limited by due process requirements, controls. (*Schneider Corp. of America v. R. W. Borrowdale Co.* (1980), 89 Ill. App. 3d 904, 412 N.E.2d 605.) The question of whether the Texas court had jurisdiction of defendant's person depends upon whether the conduct of the defendant caused him to be amenable to process in

Texas under the terms of Texas legislation (Tex. Civ. Stat. Ann. art. 2031b (Vernon 1964)) as limited by due process requirements. The parties also agree that article 2031b was intended to have as extensive a reach as due process permits. (*U-Anchor Advertising, Inc. v. Burt* (Tex. 1977), 553 S.W.2d 760.) Thus, as we have stated, this case turns upon whether due process requirements prohibited the entry of the Texas court's judgment.

As the motion to dismiss was decided upon affidavits without the presentation of evidence, in order to properly rule adversely to plaintiff and in favor of defendant, the trial court was required to assume *arguendo* the truth of the statements in plaintiff's counteraffidavit. The parties do not dispute that plaintiff was the successor to a Texas manufacturer who sold parts to defendant, a manufacturer domiciled and operating in Illinois. Plaintiff's affidavit stated that (1) the seller's agent originally contacted the purchaser in Illinois; (2) the purchaser wrote to the seller in Texas seeking a credit application form which was mailed by the seller to the purchaser; (3) the purchaser then mailed orders from Illinois to Texas for which the seller sent confirmations back from Texas; (4) the agreements required the seller to send merchandise to the purchaser in Illinois, who would then send payment to Texas; (5) various purchases were made in this manner and deliveries were made either in seller's trucks or by common carrier; and (6) on one occasion during the course of the dealings an agent of the purchaser visited and inspected the seller's plant in Texas.

In the seminal case of *International Shoe Co.,* the court held that for a nonresident to be summoned before a foreign tribunal, due process requires that the nonresident have purposely established "minimum contacts" with the forum State whereby he avails himself of the privilege of conducting activities there. *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 319, 90 L. Ed. 95, 103, 66 S. Ct. 154, 161.

In *Southwest Offset, Inc. v. Hudco Publishing Co.* (5th Cir. 1980), 622 F.2d 149, a nonresident defendant was held to be subject to *in personam* jurisdiction under circumstances similar to those here. That defendant was solicited by that plaintiff's sales representative in Alabama, and a product printed by that plaintiff in Texas was sent to that defendant in Alabama. After the initial sales, further orders were similarly sent from Texas to Alabama on that plaintiff's mailed or telephoned order. The subsequent litigation between the parties was for the unpaid portion of the account.

The *Southwest Offset, Inc.,* court relied on *Product Promotions,*

*Inc. v. Cousteau* (5th Cir. 1974), 495 F.2d 483, where a suit was brought in Texas by a purchaser of products against a seller who had no significant contact with Texas except for (1) having engaged in telephone conversations and written correspondence with the purchaser concerning the goods; and (2) shipping the goods to the purchaser in Texas. Those contacts of the seller with Texas were deemed to be sufficient to make the seller subject to suit in Texas.

Under circumstances very similar to those stated in plaintiff's affidavit here, Illinois courts have held nonresident purchasers who have contracted by mail with Illinois sellers of goods manufactured by the sellers in Illinois to have sufficient minimum contacts with Illinois to be subject to suit here in regard to those contracts. *Empress International, Ltd. v. Riverside Seafoods, Inc.* (1983), 112 Ill. App. 3d 149, 445 N.E.2d 371; *Colony Press, Inc. v. Fleeman* (1974), 17 Ill. App. 3d 14, 308 N.E.2d 78.

The question of the sufficiency of minimum contacts in transactions such as that here, where suit is brought by a resident seller against a nonresident buyer for breach of a contract of sale negotiated by mail or telephone from the respective States of the parties has been complicated by language in *Helicopteros Nacionales de Colombia, S.A. v. Hall* (1984), 466 U.S. 408, 80 L. Ed. 2d 404, 104 S. Ct. 1868. The thrust of defendant's contentions is that the precedent relied upon by plaintiff has been refuted by that language.

In *Helicopteros*, a foreign corporation had contracted to furnish helicopter service for a joint venture, headquartered in Texas, which had contracted to build an oil pipeline for the Peru government. The foreign corporation had sent its chief executive to Texas to negotiate the contract and had accepted a check in payment of the contract price drawn on a Texas bank. The foreign corporation later purchased helicopters from a Texas manufacturer and sent its personnel to Texas to obtain instruction from the manufacturer. The foreign corporation was later sued in the Federal District Court in Texas by personal representatives of employees of the joint venture who were killed in Peru, in a crash of one of the helicopters.

Thus, the cause of action brought in *Helicopteros* did not arise from conduct of the defendant which gave rise to its contacts with Texas. The court explained that under such circumstances, the Texas court was seeking to establish a "general jurisdiction." (*Helicopteros Nacionales de Colombia, S.A. v. Hall* (1984), 466 U.S. 408, 414-15, 80 L. Ed. 2d 404, 411, 104 S. Ct. 1868, 1872.) This was to be distinguished from a " 'specific jurisdiction' " which would be involved if the suit arose from or was closely related to the activities of the non-

resident in the forum State (466 U.S. 408, 414-15, 80 L. Ed. 2d 404, 411, 104 S. Ct. 1868, 1872, quoting from von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis,* 79 Harv. L. Rev. 1121 (1966). The *Helicopteros* court held that the activities of the foreign corporation in Texas did not constitute the " 'carrying on in [the forum State of] a continuous and systematic, but limited part of its general business' " as described in *Perkins v. Benguet Consolidated Mining Co.* (1952), 342 U.S. 437, 438, 96 L. Ed. 485, 489, 72 S. Ct. 413, 414-15, as justifying the exercise of general jurisdiction over a nonresident defendant. *Helicopteros Nacionales de Colombia S.A. v. Hall* (1984), 466 U.S. 408, 414-15, 80 L. Ed. 2d 404, 411, 104 S. Ct. 1868, 1872.

Although not speaking in terms of "special" and "limited jurisdiction," the *Perkins* court recognized the difference between the sufficiency of contacts necessary to justify the acceptance of different types of jurisdiction over a nonresident. Similarly, the *Helicopteros* court recognized the difference and explained that lesser contacts than those necessary for "general jurisdiction" would justify exercise of a "specific jurisdiction."

The *Helicopteros* opinion, however, does give support to the position of defendant because of its discussion of the pre-*International Shoe Co.* case of *Rosenberg Brothers & Co. v. Curtis Brown Co.* (1923), 260 U.S. 516, 67 L. Ed. 372, 43 S. Ct. 170. There, a small Oklahoma retailer had purchased from a New York wholesaler, sometimes during trips to New York and other times through correspondence. The *Rosenberg* court held that the retailer did not, thereby, submit himself to *in personam* jurisdiction of New York courts. The *Helicopteros* opinion noted that *International Shoe Co.* was not intended to overrule *Rosenberg* and then stated:

"In accordance with *Rosenberg,* we hold that mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation *in a cause of action not related to those purchase transactions.*" (Emphasis added.) *Helicopteros Nacionales de Colombia S.A. v. Hall* (1984), 466 U.S. 408, 418-19, 80 L. Ed. 2d 404, 413, 104 S. Ct. 1868, 1874.

The language relied on most by defendant is contained in a footnote which states:

"This Court in *International Shoe* cited *Rosenberg* for the proposition that 'the commission of some single or occasional acts of the corporate agent in a state sufficient to impose an obligation or liability on the corporation has not been thought

to confer upon the state authority to enforce it.' 326 U.S., at 318, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057. Arguably, therefore, *Rosenberg* also stands for the proposition that mere purchases are not a sufficient basis for either general or specific jurisdiction. Because the case before us is one in which there has been an assertion of general jurisdiction over a foreign defendant, we need not decide the continuing validity of *Rosenberg* with respect to an assertion of specific jurisdiction, *i.e.,* where the cause of action arises out of or relates to the purchases by the defendant in the forum State." *Helicopteros Nacionales de Colombia S.A. v. Hall* (1984), 466 U.S. 408, 418 n.12, 80 L. Ed. 2d 404, 413 n.12, 104 S. Ct. 1868, 1874 n.12.

The *Helicopteros* decision is precedent only as to the contacts with the forum necessary to subject a nonresident to the jurisdiction of the forum as to all types of suit regardless of whether they are related to the transactions out of which the contacts arose. Significantly, the cited footnote merely states that it is arguable that a purchase by a nonresident buyer is an insufficient basis for jurisdiction for cases arising from that specific transaction. The difference is substantial between the specific jurisdiction which merely permits a suit, as here, that arises from the very contract which the nonresident defendant intentionally entered into, and a general jurisdiction, a sought in *Helicopteros,* which would permit suit against a nonresident who fortuitously happened to have made a purchase and sent employees to train in the forum. No decision of a court of review has been called to our attention which has applied the arguable theory stated in the footnote. We reject the theory and hold the minimum contacts alleged in plaintiff's counteraffidavit to be sufficient.

Accordingly, we reverse the judgment dismissing the petition for registration and remand the case to the circuit court of Ford County for further proceedings.

Reversed and remanded.

McCULLOUGH, P.J., and MORTHLAND, J., concur.