■ KIM GIANNIZZERO, Appellant, v TAMAN HERZEL, Sued Herein as JAMIAN HERZEL, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated August 10, 1989, which denied her motion for leave to serve a summons upon proposed defendant David D. Lindburgh pursuant to CPLR 308 (5).

Ordered that the order is affirmed, with costs.

On July 21, 1987, the plaintiff was allegedly injured in a collision between a car driven by her sister, the defendant Lynn Giannizzero, and a taxicab operated by the defendant Taman Herzel. It appeared that a passenger, allegedly named David D. Lindburgh, had opened a rear door of the taxicab in the path of the Giannizzero vehicle. Attempts to locate Lindburgh proved unavailing. The plaintiff moved for leave to make expedient service upon Lindburgh pursuant to CPLR 308 (5). The motion sought leave to serve Lindburgh by delivery of a supplemental summons and amended complaint on American Transit Insurance Company (hereinafter ATIC), the insurance carrier for the taxicab. The Supreme Court denied the motion, and the plaintiff appeals.

The Supreme Court properly denied the motion. While the record shows the impracticability of locating Lindburgh, it has not been shown that service on ATIC, which has no relationship with Lindburgh, is reasonably calculated to apprise him of the action pending against him *(see, Bossuk v Steinberg,* 58 NY2d 916; *Dobkin v Chapman,* 21 NY2d 490; *Saulo v Noumi,* 119 AD2d 657). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.