■ Fausto Munoz et al., Plaintiffs, v New York Telephone, Defendant and Third-Party Plaintiff-Respondent, et al., Third-Party Defendants. Gregory Studencki, Doing Business as Detail, Third-Party Defendant-Appellant. [644 NYS2d 978] ■

The plaintiff Fausto Munoz was injured while removing asbestos for his employer, Detail, on property owned by New York Telephone, the defendant third-party plaintiff. Fausto Munoz and Cecilia Munoz, his wife, commenced a negligence action against New York Telephone. New York Telephone then commenced this third-party action for indemnification against the appellant Gregory Studencki d/b/a Detail.

After failing to effectuate service upon Gregory Studencki, a resident of Poland, New York Telephone moved pursuant to CPLR 308 (5) to allow expedient service upon the State Insurance Fund, which had issued a workers' compensation insurance policy to the appellant d/b/a Detail. The appellant opposed the motion contending that he was never a principal of Detail, never conducted business under the name of Detail, and never applied for a workers' compensation insurance policy on behalf of Detail. The appellant further contended that his name was forged on the insurance application.

Upon these facts, we are unable to determine whether the appellant transacted business in New York within the meaning of CPLR 302 (a) or whether personal jurisdiction can be obtained by service upon the State Insurance Fund (see, Giannizzero v Herzel, 170 AD2d 647). Accordingly, the matter is remitted to determine whether there is a jurisdictional basis under CPLR 302 upon which an action may be commenced against the appellant in New York and whether service may then be made upon the State Insurance Fund (see, Universal City Studios v P.E.A. Films, 63 AD2d 438). Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.