ALAN LUPTON ASSOCIATES, INC., Respondent, v NORTHEAST PLASTICS, INC., Appellant.

Fourth Department, December 14, 1984

### APPEARANCES OF COUNSEL

*Phillips, Lytle, Hitchcock, Blaine & Huber* (*Michael R. Law* of counsel), for appellant.

*Weidman, Jordan & Angeloff* (*George G. Mackey* of counsel), for respondent.

### OPINION OF THE COURT

GREEN, J.

This case calls for an interpretation of the "transacting business" portion of New York's long-arm jurisdiction statute dealing with personal jurisdiction over a nondomiciliary defendant (CPLR 302, subd [a], par 1).

Plaintiff is a domestic corporation organized under the laws of New York State and provides services as a manufacturer's representative. Plaintiff maintains its principal office in Rochester, New York. Defendant is a domestic corporation organized under the laws of Massachusetts and manufactures plastic parts and tooling. Defendant's sole office is located in Wakefield, Massachusetts.

On February 5, 1981 in Massachusetts, the parties entered into an agreement whereby plaintiff agreed "to use its best efforts to promote, develop and extend the sale of [defendant's] products" throughout the northeastern United States in exchange for a commission on the net sale price of all goods sold. Plaintiff also agreed not to "directly or indirectly solicit orders for or sell any products competitive" with defendant's manufactured goods. The agreement provided that plaintiff was to act as an independent contractor of the defendant and further stated that the defendant reserved "the right to price and to accept or reject any or all orders obtained or submitted by or at the instance of" the plaintiff. The contract also provided that "the laws of the Commonwealth of Massachusetts shall govern the law underlying this contract."

In November, 1983, plaintiff sued defendant for breach of the contract. The complaint alleged that between 1981 and 1983 plaintiff sold products manufactured by the defendant but was not paid commissions to which it was entitled under the agreement.

Defendant moved to dismiss the action for lack of in personam jurisdiction (CPLR 3211, subd [a], par 8). In support of its motion, defendant's president alleged that defendant does not maintain a business office or own property in New York. He stressed the fact that the contract was executed in Massachusetts and provided that Massachusetts law should govern the enforcement of the contract. In opposition to the motion, plaintiff's vice-president alleged that pursuant to the contract plaintiff solicited customers for the defendant and otherwise assisted in the sale of defendant's products in New York and that one such sale involved 6,000 plastic buttons manufactured by defendant and shipped to Universal Instruments Corp. in Binghamton, New York. Plaintiff also alleged that "upon information and belief, during the periods of 1981, 1982 and possibly 1983, orders were placed with [defendant] by New York corporations or business entities, and in response thereto, goods were shipped but [plaintiff] was never paid." Special Term denied defendant's motion and we affirm.

Initially, we note that plaintiff does not claim that defendant is subject to jurisdiction because it was doing business in New York "not occasionally or casually, but with a fair measure of permanence and continuity" (*Tauza v Susquehanna Coal Co.,* 220 NY 259, 267; CPLR 301). Rather, plaintiff's assertion of jurisdiction is based upon the Supreme Court's rationale in *International Shoe Co. v Washington* (326 US 310, 316), that a nondomiciliary defendant may be subjected to jurisdiction for some single or occasional act because "due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." New York's long-arm jurisdiction statute (CPLR 302, subd [a], par 1) upon which plaintiff relies was drafted to conform with this constitutional imperative. It provides:

"§ 302. Personal jurisdiction by acts of non-domiciliaries

"(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

"1. transacts any business within the state or contracts anywhere to supply goods or services in the state".

There is no fixed standard to measure the minimum contacts required to sustain jurisdiction. The Supreme Court acknowledged recently that this determination "is one in which few answers will be written 'in black and white. The greys are dominant and even among them the shades are innumerable.' *Estin* v *Estin,* 334 U.S. 541, 545" (*Kulko v California Superior Ct.,* 436 US 84, 92).

The Court of Appeals has recognized that CPLR 302 is a "single-act statute requiring but one transaction — albeit a purposeful transaction — to confer jurisdiction in New York" (*Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 17; see, also, *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 456). For example, jurisdiction over a nondomiciliary defendant has been sustained when a Massachusetts resident traveled to New York on only one occasion to answer an employment advertisement (see *Reiner & Co. v Schwartz,* 41 NY2d 648), when a defendant, although not physically present in New York, actively participated in a State auction by means of an open telephone line (see *Parke-Bernet Galleries v Franklyn, supra*)

and when a defendant traveled from Oklahoma to New York on only one occasion to deliver his personal guarantee on a contract (see *Hi Fashion Wigs v Hammond Adv.*, 32 NY2d 583). These cases recognize that our long-arm statute permits the exercise of jurisdiction over a nondomiciliary defendant who transacts "any" business within the State (CPLR 302, subd [a], par 1), whether or not the defendant is physically present, as long as the business activity is sufficiently purposeful (see *World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 297; *Hanson v Denckla*, 357 US 235, 253).

In *McGee v International Life Ins. Co.* (355 US 220), perhaps the leading case on single-act jurisdiction statutes, the Supreme Court upheld jurisdiction in California when a nondomiciliary defendant did no more than mail an insurance policy to the plaintiff insured in California. The defendant had no office or agent in California and never solicited or conducted any insurance business there apart from the insurance policy involved in that case. The court reasoned that because of California's manifest interest in providing a forum for its resident to sue foreign insurers, and because of the relationship between the act performed in the State and the lawsuit based on the policy, it was neither unreasonable nor unfair to subject the foreign defendant to the personal jurisdiction of the California courts.

Prior to 1979, when our statute simply provided for long-arm jurisdiction where a defendant "transacts any business within the state", it was uniformly held that the statute did not reach a nondomiciliary who was never physically present in the State, but who merely shipped goods into the State (see, e.g., *Kramer v Vogl*, 17 NY2d 27). The statute was amended, however, to provide for jurisdiction when a defendant "contracts anywhere to supply goods or services in the state" (see L 1979, ch 252, § 1 [eff Sept. 1, 1979]). This amendment was enacted specifically to abrogate the "mere shipment" rule (see McLaughlin, 1979 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1984-1985 Pocket Part, CPLR C302:13, p 42). Accordingly, New York courts may now exercise jurisdiction over a nondomiciliary who contracts outside this State to supply goods or services in New York even if the goods are never shipped or the services are never supplied in New York, so long as the cause of action, as here, arose out of that contract (see 1979 Report of NY Law Rev Comm, McKinney's Session Laws of NY, 1979, pp 1450-1453; *Key Bank v Lake Placid Co.*, 103 AD2d 19, 29-30; *West Mountain Corp. v Seasons of Leisure Int.*, 82 AD2d 931). In the present case, we view the shipment by defendant of 6,000 plastic buttons to Binghamton, New York,

based upon an order solicited by the plaintiff pursuant to the contract as an act by which defendant has voluntarily and purposely availed itself of the privilege of transacting business in New York State (see *Island Wholesale Wood Supplies v Blanchard Inds.,* 101 AD2d 878).

We do not place total reliance, however, upon the single shipment of goods by defendant into New York to sustain jurisdiction in this case. Even prior to the 1979 amendment, where shipment of goods into New York was accompanied by a defendant's solicitation of business in this State (the "solicitation plus" doctrine) jurisdiction was upheld although the defendant did not have any agents who personally appeared in New York (see *Singer v Walker,* 15 NY2d 443, cert den *sub nom. Estwing Mfg. Co. v Singer,* 382 US 905). In *Singer,* defendant manufactured a geological hammer in Illinois. Plaintiff lost an eye while using the hammer during a field trip in Connecticut. The court sustained jurisdiction because defendant voluntarily elected to send products into New York where plaintiff purchased the hammer. This holding recognized the general rule that the place where a contract is performed is more important for purposes of jurisdiction than the place where the contract is executed (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:10, p 77). In the present case, although the contract was executed in Massachusetts, the clear import of its terms indicates that performance was contemplated in New York because New York was clearly within plaintiff's sales territory and plaintiff was acting as a representative of defendant in soliciting sales of defendant's products. Indeed, plaintiff has alleged in its complaint that it "did cause to be sold products of [the defendant] for which it is entitled to a commission."

Defendant argues that plaintiff is attempting to foist jurisdiction upon it solely through plaintiff's actions as an independent contractor. Defendant contends that a local agent cannot sue its nonresident principal by using the agent's own forum activities as a jurisdictional predicate (see *Haar v Armendaris Corp.,* 31 NY2d 1040, revg on dissenting opn at 40 AD2d 769; *Glassman v Hyder,* 23 NY2d 354). The activities of a representative of a nondomiciliary in New York may be attributed to it, however, if it requested the performance of those activities and the activities benefit it, regardless of whether the representative acted as an agent or independent contractor (*East N. Y. Sav. Bank v Republic Realty Mtge. Corp.,* 61 AD2d 1001; *Schneider v J & J Carpet Co.,* 23 AD2d 103; *Capitol Cabinet Corp. v Interior Dy-*

*namics,* 541 F Supp 588; *Eliah v Ucatan Corp.,* 433 F Supp 309; cf. *Cato Show Print. Co. v Lee,* 84 AD2d 947, 949; *Millner Co. v Noudar, Lda.,* 24 AD2d 326, 328-329). The critical factor is the degree of control the defendant principal exercises over the agent. Here, that degree of control is considerable because the contract provides that the plaintiff has no power to bind the defendant unless the defendant exercises the right, specifically reserved to it, "to accept or reject any and all orders obtained or submitted by or at the instance of" the plaintiff (cf. *Pacamor Bearings v Molon Motors & Coil,* 102 AD2d 355, 356). Since plaintiff has alleged that it sold defendant's goods from 1981 to 1983, a fair inference under the terms of the contract is that the defendant approved plaintiff's solicitation of the orders upon which those sales were based.

Defendant's reliance upon the provision of the agreement that states Massachusetts law "shall govern the law underlying this contract" is misplaced. Choice of law questions are significantly different from questions of jurisdiction. "Not only are these separate and distinct problems but the rules formulated to govern their resolution embody different concepts expressed in different language" (*Feathers v McLucas,* 15 NY2d 443, 463). The test in deciding whether jurisdiction may be asserted is not whether New York is the most convenient forum in which to litigate. Rather, the question is whether assertion of jurisdiction in New York will violate defendant's right to due process of law. As one respected commentator has observed, there is a "world of difference between the two" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:14, p 82). Choice of law provisions have minimal jurisdictional implications (see *Galgay v Bulletin Co.,* 504 F2d 1062, 1066; *Agrashell, Inc. v Sirotta Co.,* 344 F2d 583, 588). Indeed, in one case, where the parties stipulated that the contract was to be governed by New York law, the court relegated this consideration to a mere footnote reference (see *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 457, n 6, *supra*). Accordingly, a plaintiff may acquire personal jurisdiction over a nondomiciliary even though a court may be required to apply the law of a sister State (cf. *New York Life Ins. Co. v Dodge,* 246 US 357).

Finally, defendant argues that even if it has transacted business in New York, plaintiff's cause of action is not one "arising from" that activity (CPLR 302, subd [a], par 1). Defendant contends that plaintiff's cause of action does not arise from defendant's shipment of goods into New York but rather from an alleged breach of a contract executed in Massachusetts. This is a distinction without significance. Plaintiff has alleged that it

arranged for the sale of defendant's products in New York which entitled it to commissions under the contract. Thus, plaintiff's cause of action for defendant's alleged failure to pay those commissions bears a substantial relationship to, and arises directly from, the transaction of business by defendant which plaintiff has alleged in its complaint and affidavit in opposition to defendant's motion to dismiss (cf. *McGowan v Smith,* 52 NY2d 268, 272, *supra*).

For these reasons, the order should be affirmed, with costs.

DILLON, P. J., CALLAHAN, MOULE and SCHNEPP, JJ., concur.

Order unanimously affirmed, with costs.