**DAVIDSON PIPE SUPPLY CO., INC., Plaintiff,**

v.

**G.W. SALES, INC., Defendant.**

**No. 88 CV 639.**

United States District Court, E.D. New York.

May 6, 1988.

Daniel Shapiro, Jones, Hirsch, Connors & Bull, New York City, for plaintiff.

Henry Weil, New York City, and Malcolm Dymkoski, Coeur d'Alene, Idaho, for defendant.

### MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In this case based on diversity of citizenship, 28 U.S.C. § 1332(a)(1), defendant moves to dismiss the Complaint for lack of personal jurisdiction. *See* Fed.R.Civ.P. 12(b)(2). For the reasons developed below, the motion is denied.

### FACTS

For purposes of diversity jurisdiction, plaintiff is a New York citizen and defendant is a citizen of Idaho and Washington.

The amount in controversy exceeds $10,-000.

The Complaint centers around an alleged contract whereby defendant agreed to sell to plaintiff a substantial quantity of used pipe that plaintiff would re-sell to a third party for use at a construction site on Rikers Island, New York. The Complaint and plaintiff's motion papers assert that, pursuant to defendant's offer, the parties entered into a contract documented by a purchase ordered dated November 19, 1987. The agreement provided that defendant would sell to plaintiff 65,000 feet of 54–foot length used black steel pipe. Defendant promised that, among other things, the pipe would be free of rust and welds and would be cleaned and coated. The pipe was to be shipped to plaintiff in care of a construction company at the construction site on Rikers Island. Shipments were to commence after December 6, 1987, and were to be completed by January 10, 1988. The price of the pipe was $7.865 per foot.

By letter dated November 30, 1987, Chuck Wooley, defendant's president, stated to plaintiff that the price of the pipe had risen to $8.25 per foot. The letter confirmed that delivery was to be at the construction site in New York City. By letter dated December 8, Wooley stated to plaintiff that the price of the pipe had risen further to $8.625 per foot. The delivery point remained the same.

Plaintiff had entered into a contract with the construction company in which plaintiff promised delivery of all the pipe on or before January 15, 1988. Facing a substantial penalty for failure to so deliver, plaintiff's president, Peter Davidson, stated to defendant in a letter dated December 9, 1987 that all of the pipe had to be delivered to the construction site before January 15. Defendant subsequently sent to plaintiff a proposed revision of the contract that provided for a price of $6.80 per foot, with delivery to be made in Oklahoma. Davidson accepted the terms on behalf of plaintiff.

The Complaint alleges that defendant failed to timely deliver most of the pipe and that the length and quality of most of the pipe failed to conform to the terms of the contract. Counts I and II of the Complaint allege breach of contract and breach of warranty, and demand compensatory, consequential and incidental damages. Count III alleges that defendant procured an amendment of the contract through economic coercion and duress; it demands rescission of the contract and restitution of all sums paid by plaintiff in excess of the original contract price. The Complaint alleges that personal jurisdiction may be exercised over defendant pursuant to New York's long-arm statute, N.Y.C.P.L.R. § 302(a)(1) (McKinney Supp.1988).

Defendant moves to dismiss the Complaint, arguing that the requirements of the long-arm statute have not been met, and that subjecting defendant to in personam jurisdiction in New York would violate the due process clause of the fourteenth amendment to the Constitution. Defendant asserts that its contact with New York during the relevant period was limited to phone calls made, and letters sent, from its Idaho offices to plaintiff's offices in New York; that the contract or contracts at issue were not executed in New York; and that defendant's officers appeared in New York only after February 1988, in an attempt to effect a settlement with plaintiff.

## DISCUSSION

Because this is a diversity case, jurisdiction must be made exercised pursuant to the law of the forum state, New York. *See Arrowsmith v. UPI*, 320 F.2d 219, 223–24 (2d Cir.1963) (en banc). New York law provides that a court may exercise personal jurisdiction over a non-domiciliary who, in connection with any of the acts from which plaintiff's claims arise, "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y.C.P.L.R. § 302(a)(1).

Where, as here, the Court relies on the pleadings and affidavits in deciding the motion, plaintiff need make only a prima facie showing that personal jurisdiction exists. *Cutco Industries v. Naughton*, 806 F.2d 361, 364 (2d Cir.1986).

The gravaman of plaintiff's Complaint is that defendant contracted to supply goods

in New York and then either breached that contract or coerced plaintiff into amending it. Defendant initially agreed to ship the goods into New York, and confirmed this understanding several times. Under these circumstances, § 302(a)(1) authorizes exercise of jurisdiction because the contract provided that defendant would ship goods into New York. *See Alan Lupton Associates v. Northeast Plastics, Inc.*, 105 A.D.2d 3, 6, 482 N.Y.S.2d 647, 650 (4th Dep't 1984). Defendant argues that it is beyond the reach of the long-arm statute because the contract, as amended, provided for delivery of goods in Oklahoma. This argument both misapprehends the nature of the Complaint and misconstrues the long-arm statute.

 The Complaint seeks damages due to defendant's breach of the original contract and rescission of subsequent modifications to that contract. The Complaint plainly seeks relief arising from the original contract, which provides for shipment of goods by defendant into New York. The long-arm statute permits the exercise of jurisdiction over persons who contract to supply goods in New York and fail to deliver at all, provided that the claim arises out of the contract. *Id.*, 482 N.Y.S.2d at 650. Thus, the statute clearly applies to a case such as this, where plaintiff's claims arise out of the original contract. Defendant's argument on this point is therefore rejected.

 Defendant's due process argument is similarly meritless. The fourteenth amendment's due process clause requires that parties have "'fair warning'" that their activities could permit a foreign state to exercise jurisdiction over them. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (Stevens, J., concurring in the judgment)). Jurisdiction may be exercised over an out-of-state defendant if he has "'purposefully directed' his activities at residents of the forum," *Burger King*, 471 U.S. at 472, 105 S.Ct. at 2182 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d

790 (1984)), "and the litigation results from alleged injuries that 'arise out of or relate to' those activities," *Burger King* 471 U.S. at 472, 105 S.Ct. at 2182 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984)).

 Here, defendant's activities were directed at New York. Defendant contracted with plaintiff, whom defendant knew to be a New York citizen. Defendant promised to deliver goods in New York. Even after the delivery point was changed, defendant understood that the goods were to be installed at a facility in New York. Under these circumstances, defendant could "reasonably anticipate being haled into" New York for a claim stemming from the contract. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Finding no reason why assertion of jurisdiction over defendant would offend notions of "fair play and substantial justice," *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945), I conclude that exercise of jurisdiction over defendant pursuant to § 302(a)(1) does not offend due process.

For the forgoing reasons, defendant's motion to dismiss the Complaint is denied.

SO ORDERED.