■ HERBERT STORCH et al., Appellants, v DONALD J. VIGNEAU, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Carol Huff, J.), entered January 17, 1990, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction (CPLR 3211 [a] [8]; 302 [a]), is unanimously affirmed, with costs.

From 1983 to 1987, defendant, Donald J. Vigneau, was a general partner in Storch Engineers, the plaintiff partnership, which is comprised of 12 consulting engineers. The partnership's principal place of business is New Jersey and, with the exception of two of the partners, including plaintiff Herbert Storch, all of its members live outside of New York State. During his four-year tenure as a partner, defendant lived and worked in Connecticut.

After retiring from the partnership, defendant demanded an accounting and attempted to have his partnership interest bought out by the firm. When the firm allegedly ignored his requests, defendant stopped making payments on four notes, executed by him in Connecticut, representing sums he owed to the individual partner, Herbert Storch, and to the partnership. Plaintiffs then commenced the instant action to recover the balances due on their four notes.

In response to defendant's answer and counterclaim, plaintiffs amended their complaint to include five additional causes of action, alleging negligence, breach of contract, fraud, and other torts relating to defendant's execution of, and performance under, the amended partnership agreement. These additional claims are predicated upon defendant's alleged secret participation in Connecticut real estate projects.

Defendant moved to dismiss for lack of in personam jurisdiction, and plaintiffs appeal from the trial court's grant of that motion. We affirm.

Pursuant to CPLR 302 (a) (1), personal jurisdiction may be obtained over a nondomiciliary "who in person or through an agent * * * transacts any business within the state or contracts anywhere to supply goods or services in the state". In order to obtain jurisdiction under this statute, the following conditions must be met: (1) the defendant must transact business in the State; and (2) the cause of action must be directly related to, and arise from, the business so transacted. *(See, Fontanetta v American Bd. of Internal Medicine,* 421 F2d 355, 357-358.) In the case before us, the record is devoid of any evidence that defendant's alleged activities in New York gave rise to the causes of action for which long-arm jurisdiction is sought. *(See, Xedit Corp. v Harvel Indus. Corp.,* 456 F Supp 725, 728; *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, *cert denied sub nom. Estwing Mfg. Co. v Singer,* 382 US 905.) Rather, defendant's business activities in New York were related to various aspects of the partnership's business, while the additional claims arose from his alleged participation in Connecticut real estate ventures. At best, there is solely a remote and indirect relationship between his New York business dealings on behalf of the partnership and the additional claims. Thus, personal jurisdiction may not be obtained under CPLR 302 (a) (1).

While plaintiffs also urge that CPLR 302 (a) (2) is a basis for personal jurisdiction, the allegations of the amended complaint and the affidavits do not allege a single tortious act that defendant committed within New York. Moreover, defendant's alleged failure to divulge his "secret intentions" during the execution of the contract is without any support in the record, did not occur in New York, and is not a tortious act from which the cause of action arose.

CPLR 302 (a) (3) is also not a basis for personal jurisdiction in this case. While plaintiff Storch may have suffered a pecuniary loss because he had an interest in the partnership income and he resided in New York, an injury does not occur in New York within the meaning of CPLR 302 (a) (3) merely because a plaintiff is domiciled in New York and suffers a loss of income here. *(See, Xedit Corp. v Harvel Indus. Corp., supra.)*

We have considered plaintiffs' other claims and find them to be without merit. Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.