(December 14, 1992)

■ BARBAROTTO INTERNATIONAL SALES CORPORATION et al., Respondents, v LAWRENCE TULLAR et al., Defendants, and WEIGHPACK CONTINENTAL B.V., Appellant.—In an action, inter alia, to recover damages for unfair competition and conversion of trade secrets, the defendant Weighpack Continental B.V. appeals from an order of the Supreme Court, Nassau County (Wager, J.), entered June 7, 1990, which, after a hearing, denied its motion to dismiss the complaint insofar as it is asserted against it for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The appellant, a seller of equipment used to manufacture fasteners, hired the plaintiffs as its exclusive sales representatives to develop a market for and sell its products in North America. Following the commencement of this action, the appellant moved to dismiss the complaint insofar as it is asserted against it for lack of personal jurisdiction. The Supreme Court denied the motion. We agree with the determination of the Supreme Court that the appellant had transacted business in New York and was thus subject to personal jurisdiction here.

CPLR 302 (a) (1) states that "a court may exercise personal jurisdiction over any non-domiciliary * * * who in person or through an agent: (1) transacts any business within the state". "So long as a party avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reason-

ably expect to defend its actions there, due process is not offended if that party is subjected to jurisdiction even if not 'present' in that State *(see, McGee v International Life Ins. Co.,* 355 US 220, 222-223; *see also, Burger King Corp. v Rudzewicz,* 471 US 462; *World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 292; *International Shoe Co. v Washington,* 326 US 310)" *(Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 466).

"The activities of a representative of a nondomicilliary in New York may be attributed to it * * * if it requested the performance of those activities and the activities benefit it, regardless of whether the representative acted as an agent or independent contractor" *(Lupton Assocs. v Northeast Plastics,* 105 AD2d 3, 7). The critical factor is the degree of control the defendant principal exercises over the agent *(Lupton Assocs. v Northeast Plastics, supra).* Here, the appellant requested that the plaintiffs solicit sales of its equipment in North America by virtue of their agency agreement, and the hearing testimony indicated that the plaintiffs did in fact solicit business in New York on behalf of the appellant. Moreover, the hearing testimony established that the appellant exercised control over the plaintiffs by retaining the right to accept or reject any sales of its equipment made by the plaintiffs. The plaintiffs' New York activities could thus be attributed to the appellant for jurisdictional purposes because the appellant requested performance of those activities and the activities were for its benefit *(see, Lupton Assocs. v Northeast Plastics, supra).*

We note that the court erred by finding that there was long-arm jurisdiction over the appellant under CPLR 302 (a) (3), as there was no evidence that the appellant committed a tortious act outside New York which caused injury to the plaintiffs in New York.

We have considered the appellant's remaining contentions and find that they are without merit. Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.