The LAMCO GROUP, INC., Plaintiff,

v.

UNIVERSAL LIFE INSURANCE COMPANY, Defendant.

No. 95 Civ. 2795 (WK).

United States District Court, S.D. New York.

Nov. 7, 1995.

B. Ted Howes, Coudert Brothers, New York City, for Plaintiff.

Stephen J. King, Frydman Beck King & Arad, New York City, for Defendant.

### MEMORANDUM AND ORDER

WHITMAN KNAPP, Senior District Judge.

Defendant Universal Life Insurance Company ("Universal") seeks dismissal of this action, pursuant to Fed.R.C.P. 12(b)(6), on

the ground that it is not subject to the jurisdiction of this court. As defendant's name indicates, it is in the business of selling life insurance policies. It maintains no offices, mailing address, bank accounts, or warehouses, and does not own any real or other type of property in New York, nor has the company ever solicited business or issued a single insurance policy in New York. It does however buy reinsurance policies from a New York insurance company, and makes occasional visits to New York for discussions relative to those policies.

Plaintiff, the Lamco Group, Inc., is a New York merchant banking firm which specializes in providing financial advisory services for mergers and acquisitions. It entered into an agreement with defendant to assist it in connection with its efforts to complete a sale or merger of its business. By the present action it seeks damages for an alleged breach of that agreement.

Except for the fact that plaintiff alleges that defendant initiated discussions with it by telephone and continued to correspond by telephone and the mails after the execution of the contract, defendant's own contacts with New York are not substantial. Defendant merely submitted relevant business and financial information to defendant, information that plaintiff needed in order to perform under the contract. In addition, defendant's only visit to New York occurred after the execution of the contract and was for the purpose of meeting a candidate. The visit was unproductive in that it did not result in the sale of defendant's company.

At the oral argument on this motion to dismiss, plaintiff's claim of jurisdiction boiled down to the assertion that its own activities within New York on defendant's behalf were sufficient to subject defendant to the jurisdiction of New York courts under CPLR § 302(a)(2), and that defendant's visits to the offices of the New York insurance company with respect to the reinsurance policies it had purchased from that company constituted "doing business" within the state under CPLR § 301. With respect to the second of these assertions, plaintiff sought limited discovery to establish the frequency and importance of defendant's visits to its New York reinsurer. For the reasons stated at oral argument (Minutes at 41–44), we now conclude that such discovery would be altogether useless.

With respect to the first assertion, by the conclusion of oral argument plaintiff's counsel was forced to concede that there was nothing either in the contract between the parties or in the nature of the work to be performed that required any activity in New York. Indeed, plaintiff's counsel conceded that had plaintiff—on the day after the contract with defendant had been executed—moved its headquarters to Newark (or anywhere outside the state of New York) it could have completely performed every thing the contract required without setting foot within this state. Minutes at 19–20. I told plaintiff's counsel that I found his concession fatal to his claim of jurisdiction, and that I was certain that no case could be found where activities by plaintiff on defendant's behalf had been used in establishing jurisdiction where neither the terms of the contract between the parties nor the nature of the work being performed required such activities to occur in New York. Plaintiff assured me that there were such cases, and I allowed him a week to furnish a list thereof. He now cites the following authority: *Don King Productions, Inc. v. Douglas* (S.D.N.Y.1990), 735 F.Supp. 522; *Schenk v. Red Sage, Inc.* (S.D.N.Y.) 1994 WL 18630; *Crouch v. Atlas Van Lines, Inc.* (N.D.N.Y.1993), 834 F.Supp. 596; *Alan Lupton Associates, Inc. v. Northeast Plastics, Inc.* (4th Dep't 1984), 482 N.Y.S.2d 647, 105 A.D.2d 3; *Barbarotto International Sales Corp., et al. v. Tullar* (2d Dep't 1992), 591 N.Y.S.2d 188, 188 A.D.2d 503.

I have reviewed these authorities. None of them used New York activities by a plaintiff for the purpose of establishing jurisdiction when such activities—but for the plaintiff's convenience—could have occurred in some other state.

*Don King* concerned a "promotion agreement and a bout agreement" between plaintiff, a New York boxing promotion corporation, and defendants, a boxer and his manager, both residents of Ohio. Defendants came to New York twice pursuant to the publicity

provision of the promotional agreement; once to conduct a press conference, and the other time to have the defendant boxer taped on HBO. The first of these activities had to be performed in New York where the members of the press were located. The other could occur only in New York where the taping was conducted.

*Schenk* concerned an employment contract between plaintiff, a New York chef, and defendant, a restaurant located in Washington, D.C. Plaintiff was required under the terms of his employment contract to hire qualified personnel. Plaintiff "recruited and hired Walzog in New York in conformance with his express authority as agent for the Red Sage. While in New York, [plaintiff] also approached persons other than Walzog . . . for prospective employment at the Red Sage." 1994 WL 18630, *5. One can only "recruit" persons where they are to be found, and expert chefs are hardly likely to be located in Newark or Jersey City.

In *Crouch,* the court held that an Idaho corporation was "transacting business" in New York where it contracted with either New York residents to move their household goods out of state, or with out-of-state residents to ship their goods into New York. 834 F.Supp. at 601. The court found that the defendant had purposefully directed its business activity in New York. *Id.*

*Northeast Plastics* concerned a breach of contract action where a Massachusetts manufacturer of plastic parts and tooling was subjected to personal jurisdiction under the "transacting business" standard. The court found that the defendant had voluntarily availed itself of the privilege of transacting business in New York where it had shipped 6,000 plastic buttons to New York based on an order solicited by the plaintiff pursuant to the contract.

*Tullar* concerned a contract whereby defendant, a nondomiciliary manufacturer of fastening equipment, hired plaintiff, a New York citizen, to act as defendant's exclusive sales representative to develop a market for and sell its products in North America. 591 N.Y.S.2d at 189, 188 A.D.2d at 503. Plaintiff on defendant's behalf had solicited sales of defendant's equipment in New York. Again, one can only solicit business where the persons solicited are to be found.

We now turn to a case not cited by plaintiff which has facts virtually indistinguishable from the case at bar. In *PaineWebber, Inc. v. WHV, Inc.* (S.D.N.Y.) 95 Civ. 52 (LMM) 1995 WL 296398, plaintiff and defendant had entered into a an agreement whereby plaintiff would assist defendant in finding a buyer for its stock or assets. During the duration of the agreement, plaintiff had used its New York office to analyze the market and prepare marketing materials and lists of potential buyers. Plaintiff subsequently brought suit for breach of this contract in New York. The court held that the negotiation of the agreement via telephone between New York and California, the execution of the agreement by plaintiff in New York, the performance of the agreement by plaintiff in New York, and the three visits by defendant's representatives to plaintiff's office in New York did not amount to "transacting business." As in *PaineWebber,* defendant in the case at bar did not visit New York during the negotiation of the contract. In fact, the only pre-contract visit made by the parties was by plaintiff to defendant's offices in Puerto Rico. In that case defendant made three post-contract visits to New York for the purpose of meeting potential buyers of its assets or stock, but the visits were ultimately unproductive. Defendant in the instant case made only one post-contract visit to New York and it too did not result in the sale of defendant's business.

We find the reasoning in *PaineWebber* applicable to the case at bar. Therefore, defendant's motion for summary judgment for want of personal jurisdiction is granted.

**SO ORDERED.**